1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

LOUIS C. ARBEE, II,

12

Petitioner,

13

vs.

14

JEANNE WOODFORD, Director,
California Department of Corrections,

15

Respondent.

16

CASE NO. 06-CV-0289 H (BLM)

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION WITH PREJUDICE**

17    Petitioner Louis C. Arbee, II, a state prisoner proceeding pro se, filed a petition

18  for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 29, 2005.  (Doc.

19  No. 1.)  Respondent filed a motion to dismiss the petition on June 23, 2006.  (Doc. No.

20  6.)  Petitioner filed an opposition[1] on July 10, 2006.  (Doc. No. 9.)  On August 22, 2006,

21  Magistrate Judge Major filed a Report and Recommendation recommending that the

22  Court dismiss the petition with prejudice.  (Doc. No. 10.)  Petitioner has not filed any

23  objections to the Magistrate Judge's Report and Recommendation.

24    After careful consideration, the Court **ADOPTS** the Report and Recommendation

25  of the Magistrate Judge, **GRANTS** Respondent's motion to dismiss, and dismisses the

26  petition with prejudice for the reasons set forth below.

27
_____

28      [1] Petitioner styled his opposition, "Opposition Motion, Against Motion to Dismiss."

## **Background**

On May 3, 1995, Petitioner was charged in San Diego County Superior Court with five counts: (1) kidnapping for robbery; (2) carjacking - driver only; (3) robbery; (4) receiving stolen property; and (5) evading officer with reckless driving. (Lodgment 1, criminal complaint.)  Additionally, he was charged with personally using a firearm in the commission of the first three counts. (Id.)

Petitioner pleaded guilty to the face of the criminal complaint on January 23, 1996. (Id., guilty plea form.)  In exchange, the prosecution agreed to stay sentencing on the charge of kidnapping for robbery, which carried a life term, and the parties stipulated to a sentence of twenty years and eight months on the remaining counts. (Id.)  On February 22, 1996, the San Diego County Superior Court sentenced Petitioner to twenty years and eight months in accord with the stipulation. (Id., abstract of judgment and sentencing form.)  This sentence consisted of the upper term of nine years for carjacking, one third of the middle term, or one year, for robbery, eight months for evading an officer, and ten years for the firearm enhancement. (Id.)

Petitioner did not directly appeal his conviction or sentence.  Rather, Petitioner challenged his guilty plea and sentence for the first time by filing a petition for a writ of habeas corpus in the California Superior Court on September 23, 2004.[2] (Lodgment 2.)  In that petition, Petitioner alleged that the trial court wrongfully imposed an illegal sentence in violation of his federal due process rights and in violation of California sentencing laws. (Id.)  In particular, he alleged that the trial court's imposition of the

---

[2] Under the "mailbox rule," the date of filing for a habeas petition is the date on which a petitioner presented the petition to prison authorities for mailing to the court. Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that prisoner's notice of appeal is deemed "filed at the time [he] deliver[s] it to the prison authorities for forwarding to the court clerk"); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001) (recognizing application of Houston's mailbox rule to federal habeas filings). Here, Petitioner's first state habeas petition has a handwritten date of September 23, 2004, but the accompanying motion for probable cause certificate and modification of sentence is dated September 27, 2004. Further, the habeas petition was also accompanied by a petition for writ of error coram nobilis, dated October 21, 2004. Nevertheless, to allow for the full benefit of the mailbox rule, the Court construes Petitioner's first state habeas petition as being filed on September 23, 2004.

upper term for both the carjacking count and the firearm enhancement violated the dual use of facts prohibition. (Id.) Further, Petitioner contended that he received ineffective assistance of counsel because his defense attorney did not discover the illegal sentence. (Id.)

The Superior Court denied the habeas petition, motion for modification, and coram nobilis petition on November 2, 2004. (Lodgment 3, Superior Court order.) The court denied Petitioner relief on several grounds.  First, the court ruled that Petitioner failed to show that the stipulated prison term was not an integral part of the plea agreement, especially given that the kidnapping charge carried an automatic life sentence upon conviction. (Id.) According to the court, by accepting the prosecution's offer Petitioner avoided the harsher life sentence, and in doing so, waived the right to challenge the legality of the sentence under state sentencing laws. (Id.) Second, the court rejected Petitioner's dual use of facts argument. (Id.) The court noted that the probation report indicated that Petitioner used the gun at least separate times to threaten the victim and stashed the victim in his trunk before rolling over at the end of a police chase. (Id.) The court found that there was no error, and even if there had been error, the court found that there was no reasonably probable more favorable result that Petitioner could obtain. (Id.) Third, because the court found that the sentencing court had not committed any error, it ruled that Petitioner's ineffective assistance of counsel claim was without merit. (Id.) Fourth, the court denied Petitioner's request for a probable cause certificate, noting that the right to appeal the sentence had expired nine years earlier. (Id.) Similarly, the court denied the request for modification as untimely, and because it lacked jurisdiction to consider the request. (Id.)

Next, on November 19, 2004,[3] Petitioner sought relief in the California Court of Appeal by filing a petition for a writ of habeas corpus. (Lodgment 4, habeas corpus petition.) Petitioner again alleged that his due process rights were violated by the

---

[3] Petitioner signed the petition on November 19, 2004, and the Court provides Petitioner with the benefit of the mailbox rule described above.

1  sentencing court's imposition of an illegal sentence. (Id.) The court denied the petition

2  on February 7, 2005. (Lodgment 5.) The court explained:

> On February 22, 1996, the court stayed the life term for the kidnapping for robbery conviction and sentenced Arbee to a term of 20 years, 8 months, as stipulated. Arbee claims the sentence is illegal because the court improperly imposed upper terms for both the carjacking conviction and the corresponding firearm use enhancement (Count 2). He claims this is "dual use of facts."
>
> At the time Arbee was sentenced section 12022.5, subdivision (a)(2) required the court to impose an additional term of 4, 5, or 10 years if the defendant used a firearm in committing a carjacking. Arbee is incorrect that use of a firearm is an element of the crime of carjacking. His sentence is not illegal and he received the benefit of his negotiated guilty plea.
>
> The petition is denied.

(Id.)

Next, Petitioner sought review in the California Supreme Court by filing a petition for writ of habeas corpus on February 14, 2005. (Lodgment 6.) Petitioner submitted the same petition to the California Supreme Court that he had submitted to the Court of Appeal. The California Supreme Court denied the petition on December 21, 2005, citing In re Robbins, 18 Cal. 4th 770, 780 (1998), without further discussion.[4] (Lodgment 7.)

Petitioner filed the instant petition pursuant to 28 U.S.C. § 2254 on December 29, 2005.[5] (Doc. No. 1.) In his petition, Petitioner asserts the same two claims from his state petitions: (1) that his sentence was improperly calculated in violation of his federal due process rights and in violation of state sentencing laws; and (2) that he received ineffective assistance of counsel in violation of the Sixth Amendment because his defense attorney improperly calculated and negotiated his plea agreement.

/ / / /

/ / / /

---

[4] The section of In re Robbins to which the California Supreme Court cited analyzes timeliness.

[5] While the petition was not filed in this Court until February 7, 2006, Petitioner is entitled to the benefit of the mailbox rule discussed above. Thus, because the petition bears a handwritten date of December 29, 2005, the Court deems the petition filed as of that date.

06cv0289

1   Respondent seeks to dismiss, arguing that the applicable statute of limitations

2   bars the petition and that neither statutory nor equitable tolling applies.  Petitioner

3   opposes.

4   ### **Discussion**

5   **A.      Review of Magistrate Judge's Report and Recommendation**

6   The district court "may accept, reject, or modify, in whole or in part, the findings

7   or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  If a party objects

8   to any portion of the report, the district court "shall make a *de novo* determination of

9   those portions of the report . . . to which objection is made."  Id.  The Court reviews de

10  novo the magistrate judge's conclusions of law.  Britt v. Simi Valley Unified School

11  Dist., 708 F.2d 452, 454 (9th Cir. 1983) overruled on other grounds by United States

12  v. Reyna-Tapia, 328 F.3d 1114, 1121-22 (9th Cir. 2003).

13  **B.      Statute of Limitations**

14  The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides for a

15  one-year limitations period for state prisoners to file a federal habeas petition in federal

16  court.  The section states, in pertinent part:

17      (d)(1)  A 1-year period of limitation shall apply to an application for writ
        of habeas corpus by a person in custody pursuant to the judgment of a
18      State court.  The limitation period shall run from the latest of—
        (A)  the date on which the judgment became final by the conclusion of direct
19      review or the expiration of the time for seeking such review;
        (B)  the date on which the impediment to filing an application created by
20      State action in violation of the Constitution or laws of the United States is
        removed, if the applicant was prevented from filing by such State action;
21      (C)  the date on which the constitutional right asserted was initially
        recognized by the Supreme Court, if the right has been newly recognized
22      by the Supreme Court and made retroactively applicable to cases on
        collateral review; or
23      (D)  the date on which the factual predicate of the claim or claims presented
        could have been discovered through the exercise of due diligence.

24  28 U.S.C.A. § 2244(d)(1).

25  Here, § 2244(d)(1)(A) applies.  Under that provision, the AEDPA's one-year

26  statute of limitations begins to run on "the date on which judgment became final by the

27  conclusion of direct review or the expiration of the time for seeking such review . . . ."

28  Id. § 2244(d)(1)(A).  The Supreme Court has explained that "final" means "a case in

- 5 -                                        06cv0289

which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for a writ of certiorari elapsed or a petition for certiorari finally denied." Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987) (citing United States v. Johnson, 457 U.S. 537, 542 n.8 (1982)).  In California, a criminal defendant appealing a conviction resulting from a guilty plea must file a notice of appeal within 60 days of "the rendition of the judgment or the making of the order being appealed." Cal. Rules of Court, Rule 30.1.  Here, the trial court sentenced Petitioner on February 22, 1996.  (Lodgment 1, abstract of judgment form.)  Petitioner did not appeal. Accordingly, Petitioner's conviction became final after April 22, 1996, or 60 days after his sentencing.  State prisoners whose convictions became final before the effective date of the AEDPA, April 24, 1996, have one year from the enactment date to file their claim, absent some form of tolling.  See, e.g., Carey v. Saffold, 536 U.S. 214, 217 (2002) ("Because [petitioner's] conviction became final before AEDPA took effect, the federal limitations period began running on AEDPA's effective date, April 24, 1996, giving [petitioner] one year from that date (in the absence of tolling) to file a federal habeas petition.").  Accordingly, Petitioner had to file his petition no later than April 24, 1997, absent some form of tolling.

Additionally, Petitioner does not explicitly argue that any of the other provisions in § 2244(d)(1) apply.  Construing his filing liberally, however, to the extent he alleges any facts related to the other provisions of § 2244(d)(1), those claims are without merit. First, he makes a reference in his opposition to the fact that he cannot gain "physical access" to the prison library and attaches a law library legal material request form.  As discussed further below with regard to equitable tolling, to the extent he alleges a state impediment hindering his filing of an application, the material request form actually contradicts his lack of access claim.  While he may not have physical access to the library, the attached form explains that he has access to the library via a paging system and provides a means to obtain copies of legal materials and forms.

/ / / /

Second, Petitioner alleges that he only recently discovered the alleged illegality of his sentence and related ineffective assistance of counsel.  Construing Petitioner's filing liberally, he arguably attempts to allege that the statute of limitations began to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  Id. § 2244(d)(1)(D).  This claim fails, however, as the statute of limitations begins to run when a prisoner knows, or through diligence could discover, the facts on which his claims rely, not when the prisoner learns of the facts' legal significance.  See, e.g., Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (citing Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)).  Here, Petitioner does not allege any newly discovered facts upon which his claims rely, but instead asserts that he recently learned of the alleged illegality in his sentence while reading Continuing Education of the Bar materials.  Thus, his claim is that he recently learned the legal significance of facts occurring during his conviction and sentencing in 1996.  Learning the potential legal significance of facts Petitioner has known about since 1996 is insufficient to trigger the application of § 2244(d)(1)(D).  See Hasan, 254 F.3d at 1154 n.3; see also United States v. Battles, 362 F.3d 1195, 1198 (9th Cir. 2004) ("Battles' current claims are about happenings at the time of his conviction-the failure of counsel to lodge an objection at the time of the government's closing argument, and counsel's refusal to allow Battles to participate in a presentence investigation.  There is nothing new about those.").  Finally, Petitioner does not assert that his claims arise from a newly recognized and retroactively applicable right.  See § 2244(d)(1)(C).  Accordingly, § 2244(d)(1(A) governs when the statute of limitations begins to run as to Petitioner's petition.

Petitioner filed his current petition on December 29, 2005, over eight years after the statute of limitations deadline passed on April 24, 1997.  Therefore, his petition is untimely unless 1) the AEDPA's statutory tolling provision brings him within the limitations period, or 2) the doctrine of equitable tolling applies to extend the filing deadline.

1    **1.    Statutory Tolling**

2    AEDPA's statutory tolling provision provides:

3    The time during which a properly filed application for State post-
     conviction or other collateral review with respect to the pertinent judgment
4    or claim is pending shall not be counted toward any period of limitation
     under this subsection.
5

6    28 U.S.C.A. § 2244(d)(2).  The AEDPA one-year limitation period is tolled during the

7    period of time a petitioner seeks post-conviction relief in state court.  Tolling begins

8    "from the time the first state habeas petition is filed until the California Supreme Court

9    rejects the petitioner's final collateral challenge."  Nino v. Galaza, 183 F.3d 1003, 1006

10   (9th Cir. 1999).  However, the statute of limitations does not toll while a federal habeas

11   corpus petition is pending.  Duncan v. Walker, 533 U.S. 167, 167 (2001).

12   Petitioner first sought collateral review in state court on September 23, 2004.

13   (Lodgment 2.)  After the California Superior Court denied him relief, he sought review

14   in the California Court of Appeal, which similarly denied his petition.  (Lodgments 3,

15   4, & 5.)  Petitioner then filed a habeas petition with the California Supreme Court, but

16   that court denied his petition on December 21, 2005.  (Lodgments 6, 7.)  Here, as noted

17   above, the statute of limitations expired on April 24, 1997, over eight years prior to the

18   date on which Petitioner first sought collateral review in the California state courts.

19   Accordingly, because the statute ran long before he filed his state petitions, Petitioner

20   is not entitled to any statutory tolling.

21   **2.    Equitable Tolling**

22   Equitable tolling applies only if a petitioner demonstrates "extraordinary

23   circumstances" beyond his control that make it impossible to file a petition on time.

24   Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2004).  The "threshold necessary to

25   trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the

26   rule."  Id.  The petitioner "bears the burden of showing that equitable tolling is

27   appropriate."  Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005)).  To show that

28   equitable tolling applies, a petitioner "bears the burden of establishing two elements:

(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The inquiry into whether equitable tolling is warranted is highly fact-specific. Spitsyn, 345 U.S. at 799.

Construing Petitioner's papers liberally, he makes three arguments for the application of equitable tolling. First, as noted above, he complains that he has not had "physical access" to the law library. He states that his lack of access limited his ability to pursue his rights and to respond to Respondent's motion. As discussed above, however, he cites to a single document in support of his claim, the prison law library's request form for legal materials, and this document belies his lack of access claim. Rather than demonstrating lack of access, this form provides instructions for prisoners to obtain and review legal materials. While Petitioner may have preferred to visit the library himself, he has not demonstrated that he suffered lack of access to materials necessary to prepare his legal filings. Compare Espinoza-Matthews v. California, 432 F.3d 1021, 1027-28 (9th Cir. 2005) (applying equitable tolling to period during which petitioner had no access to legal files). He has filed several habeas petitions containing citation to legal principles and legal authority. Further, even assuming that the prison's methods for distribution of legal materials hindered Petitioner's filing of his habeas petitions, he has not described why any hindrance prevented him from filing his petition for over eight years. Accordingly, Petitioner has failed to demonstrate that equitable tolling should apply.

Second, Petitioner asserts that external forces prevented him from asserting his rights, and as a result the Court should apply equitable tolling. Specifically, Petitioner claims that his lawyer and the prosecution presented an illegal sentence to the trial court for the stipulated plea agreement, and the court imposed the allegedly illegal sentence. Petitioner has not indicated why these events, which occurred prior to and during his sentencing, precluded him from filing a habeas petition for more than eight years following his conviction. Rather, the circumstances giving rise to his petitions were

available immediately upon sentencing.  "If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file, after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken."  Spitsyn, 345 F.3d at 802 (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).  In this case, even assuming the circumstances surrounding his plea agreement and sentencing could amount to extraordinary circumstances outside Petitioner's control, Petitioner has not shown that these "external forces, rather than [his] lack of diligence" were the cause of his delay in filing a habeas petition.  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  Accordingly, Petitioner's external forces argument does not justify the application of equitable tolling.

Finally, Petitioner notes in his papers that he lacks legal training and has an insufficient understanding of the law.  As the Supreme Court has recently noted, however, it has "never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness." Johnson v. United States, 544 U.S. 295, 311 (2005).  Further, the Ninth Circuit has recently clarified that "a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."  Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (noting similar holdings by the 4th, 5th, 6th, and 10th Circuits).  Accordingly, Petitioner's lack of legal training and lack of knowledge of the law are insufficient to justify equitable tolling.

In sum, Petitioner has not set forth any extraordinary circumstances justifying his lengthy delay in filing his first habeas petition, and, thus, he has not demonstrated that equitable tolling should apply.  As the Supreme Court has noted, "lack of diligence precludes equity's operation."  See, e.g., Pace, 544 U.S. at 419 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990), and McQuiddy v. Ware, 20 Wall. 14, 19 (1874)).

/ / / /

## **Conclusion**

Because Petitioner filed this petition several years after the expiration of the applicable limitations period, and because neither statutory nor equitable tolling apply, his petition is time barred by the AEDPA.  Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **GRANTS** Respondent's motion to dismiss.  Accordingly, this petition is **DISMISSED** with prejudice.

IT IS SO ORDERED.

DATED:  December 20, 2006

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

Copies To:

Magistrate Judge Barbara L. Major

Louis C. Arbee, II, pro se
J-97646
California State Prison, Corcoran
PO Box 3461
Corcoran, CA 93212-3461

Kevin Vienna
Office of the Attorney General
110 West A Street, Suite 1100
San Diego, CA 92101-5266